Wang v. Garland

BIA
Vomacka, IJ
A205 222 165

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

YANQING WANG,
*Petitioner*,

v.                                                    18-2774
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*[1]

_____

FOR PETITIONER:        Stuart Altman, Law Office of
                       Stuart Altman, New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Kohsei Ugumori,
                       Senior Litigation Counsel; Nehal
                       H. Kamani, Trial Attorney, Office

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanqing Wang, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming an Immigration Judge's ("IJ") denial of Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanqing Wang,* No. A205 222 165 (B.I.A. Sept. 7, 2018), *aff'g* No. A205 222 165 (Immig. Ct. N.Y.C. Apr. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Wang was not credible as to her claim that family planning officials forced her to terminate a pregnancy.

The IJ reasonably found that Wang gave the impression that her testimony was based on a memorized script rather than on actual experience. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d

3

77, 81 n.1 (2d Cir. 2005). This finding is supported by the record, which shows that Wang gave concise testimony on direct examination that closely tracked her written statement, but that she became evasive on cross-examination when asked about her earlier application for a U.S. student visa. Further, this line of questioning revealed that Wang attempted to travel to the United States before her alleged pregnancy and forced abortion, which conflicted with her written statement and earlier testimony that she decided to leave China as a result of being forced to terminate her pregnancy. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Not discernable from the written transcript is the IJ's stated observation that Wang testified about the alleged persecution she suffered with a flat affect and no change in facial expressions. Because "the IJ's ability to observe [Wang's] demeanor place[d] h[im] in the best position to evaluate whether apparent problems in [Wang's] testimony suggest[ed] a lack of credibility," we afford "particular

4

deference" to that finding. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The agency also reasonably relied on the inconsistency between Wang's testimony that she had been forced to have an abortion and her medical records from her son's birth in the United States, which state that she had been pregnant only once and had never had an abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ was not compelled to credit Wang's explanation for the discrepancy. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Having questioned Wang's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency

reasonably declined to credit a letter from Wang's mother because it was unsworn and written by an interested witness who was not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Further, the IJ reasonably afforded limited weight to the medical record of Wang's abortion because it was a handwritten booklet easily subject to alteration, and it did not reflect that family planning officials were involved or that the abortion was involuntary. *See id.* at 332 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Wang's contention, that determination is dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on Wang's assertion that family planning officials forced her to terminate a pregnancy. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Wang does not separately challenge the agency's conclusion that she did not establish a well-founded fear of future persecution based on possible future

6

pregnancies.  There is no merit to Wang's contention that the IJ's findings underlying the adverse credibility determination demonstrate bias because those findings are supported by the record.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court